PER CURIAM.
This disciplinary proceeding against James L. Wall, Jr., is before us on the complaint of The Florida Bar and the report of the referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. The Florida Bar now seeks review of the report of the referee.
On April 1, 1983, respondent filed a bankruptcy petition in the United States Bankruptcy Court on behalf of Kramer Homes, Inc. As a result of the bankruptcy proceedings, respondent was fully aware of an existing and outstanding 1980 Capital Bank mortgage on the Woods Landing condominium owned by Kramer Homes.
In May of 1983, respondent represented Kramer Homes as the seller of two Woods Landing condominium units to two separate buyers. On or about May 19, 1983, respondent issued Attorney Title Insurance Fund policies on the two units in question. Although he was aware that the two condominium units were subject to the 1980 Capital Bank mortgage and were a part of the Kramer Homes bankruptcy properties, respondent failed to indicate these defects in title as exceptions on the two title insurance policies. Rather, the respondent issued the policies certifying that the purchasers had obtained good and marketable title.
Respondent also prepared the closing statements, mechanic lien affidavits and warranty deeds to accomplish the sales of the two units by Kramer Homes to the two buyers. Respondent failed to indicate in any of those documents that Kramer Homes was in bankruptcy or that the mortgage encumbered the condominiums.
Ultimately, as a result of the foregoing, the Attorney Title Insurance Fund had to pay off claims made against the policies in the amount of $161,200. That amount represents the combined purchase prices of the two Woods Landing condominium units in question.
The referee found respondent guilty of violating Disciplinary Rule 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law) of the Code of Professional Responsibility and recommended he be suspended from the practice of law for sixty days.
*551 Respondent alleges that he is not guilty of violating any provisions of the Code of Professional Responsibility because the condominium purchasers had full and complete knowledge of the possible defects to title, and, as a result, the Fund erred in paying off the claim. The merits of respondent’s claim are not relevant to this disciplinary proceeding. The fact remains that the Fund paid off the claim because of misrepresentations made by respondent to the Fund.
The Bar requests that we suspend respondent for one year with the requirement that he submit proof of rehabilitation prior to reinstatement. The Bar also wants respondent to make restitution to the Fund and to be restricted in his future ability to write title insurance.
We approve the referee’s finding of guilt but we agree with the Bar that respondent should be required to submit proof of rehabilitation before reinstatement. However, we agree with the referee that the issue of restitution is a civil matter between the Fund and respondent. We also agree with the referee that a restriction on respondent’s ability to write title insurance is unreasonable because of respondent’s type of practice.
Accordingly, James L. Wall, Jr. is hereby suspended from the practice of law for three months plus one day so as to require proof of rehabilitation before he can return to the practice of law. This suspension shall be effective thirty days from the date of this opinion, giving respondent an opportunity to take necessary steps to close out his practice and protect his clients.
Judgment for costs in the amount of $1,090.91 is hereby entered against the respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, J., concurs specially with an opinion, in which OVERTON, J., concurs.